IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RENATO G. CATACUTAN,

                  OPINION AND ORDER

        Plaintiff,

                  18-cv-764-bbc

   v.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Renato G. Catacutan filed this lawsuit seeking review of a final decision denying his claim for disability insurance benefits under the Social Security Act. 42 U.S.C. § 405(g). (I have amended the caption to reflect the fact that the new Commissioner of Social Security is Andrew Saul.) The administrative law judge found that plaintiff was impaired by diabetes melllitus and affective disorder, but that he can still perform work in the national economy. Plaintiff contends that the administrative law judge erred by disregarding how plaintiff's impairments limit his ability to work. However, plaintiff has failed to identify any error in the administrative law judge's decision. Therefore, I am upholding the decision and dismissing this appeal.

      The following facts are drawn from the administrative record (AR).

1

BACKGROUND

Plaintiff Renato Catacutan was born in 1953, making him 62 years old at the time he filed for disability insurance benefits in March 2015. Plaintiff stated that he had been disabled since November 2013 by severe depression, uncontrolled diabetes and hypertension. On appeal, plaintiff added that he was also limited by headaches, lower extremity weakness and an inability to process information or solve problems. In his functional report, plaintiff reported that his physical impairments caused him generalized weakness, insomnia, restlessness and cramping in his legs. AR 206. His depression affected his motivation, ability to concentrate and ability to get along with others. AR 206, 211. He also stated that he could perform household chores, including laundry and yard maintenance, prepare food, run errands, drive, pay bills, play the guitar, garden, hunt and fish. AR 207-10. His application was denied initially and on reconsideration, and plaintiff requested a hearing before an administrative law judge.

In May 2017, plaintiff appeared for a hearing before an administrative law judge. Plaintiff testified that he had a bachelor's degree in nursing, a master's decree in health administration and a medical technician degree. AR 41. He worked as a nurse until 2013, when he was terminated. He testified that he became severely depressed after he lost his job, and that his physical health deteriorated as well. AR 45. At the time of the hearing, plaintiff was taking medication for diabetes, depression and high blood pressure. AR 49. He stated that he could lift ten pounds, has trouble getting up from a kneeling position and has weakness, stiffness and numbness in his hands at times. AR 54-55, 57. He testified that he

2

has neuropathy that manifests at night, primarily in his feet and ankles. He also testified that his depression causes poor motivation and is exacerbated by familial stressors. AR 50.

In her decision, the administrative law judge followed the five-step sequential evaluation of disability set out by the regulations. 20 C.F.R. § 416.920. At step one, the administrative law judge found that plaintiff had not engaged in substantial gainful activity since the allegation onset date. AR 20.

At steps two and three, the administrative law judge found that plaintiff had severe impairments of diabetes mellitus and affective disorder, but that neither impairment met or equaled the severity criteria of a listed impairment. AR 20-21. At steps three and four, the administrative law judge found that plaintiff had the residual functional capacity to perform medium work, except that he would be limited to performing simple, routine tasks. At steps four and five, the administrative law judge determined that plaintiff could not perform his past relevant work as a nurse, but based on vocational expert testimony, plaintiff could perform a significant number of jobs in the national economy. AR 26-27.

In July 2018, the appeals council denied plaintiff's request for review, AR 1-4, making the administrative law judge's decision the final decision of the commissioner. Plaintiff then filed this lawsuit under 42 U.S.C. § 405(g).

OPINION

In reviewing the administrative law judge's decision, the court's role is to determine whether the decision denying benefits is supported by "substantial evidence." 42 U.S.C. §

405(g); Indoranto v. Barnhart, 374 F.3d 470, 473 (7th Cir. 2004). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014) (citations omitted). "The administrative law judge must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." Id. See also Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005) ("[T]he ALJ must . . . explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review.").

Plaintiff filed a brief in support of his appeal, dkt. #20, but he does not identify any specific error in the administrative law judge's decision or explain why he believes that the administrative law judge's decision is unsupported by substantial evidence. Most of plaintiff's brief focuses on his work history and why he is unable to perform his previous work as a nurse in light of his mental and physical impairments. However, plaintiff does not address the administrative law judge's analysis of plaintiff's work history, medical records, opinion evidence or plaintiff's subjective symptoms.

The administrative law judge provided a thorough discussion of plaintiff's medical treatment history and explained why she did not think plaintiff's medical and other records supported his subjective complaints. For example, the administrative law judge noted that plaintiff had had diabetes since 2002, but had continued working in a skilled, heavy job through November 2013, when he was terminated for violating company policy. AR 23, 339, 348. The administrative law judge reasonably inferred that because plaintiff did not stop working because of physical or mental impairments, and plaintiff reported that he

4

continued to look for work, plaintiff would have been able to continue working in the same capacity had he not been fired. AR 25. The administrative law judge also noted that although plaintiff reported difficulty using his hands, the medical records did not show that plaintiff had severe diabetic neuropathy, and plaintiff reported engaging in a variety of activities that required use of his hands, including preparing meals, painting, drawing and playing the guitar. AR 21, 24-26. The medical records showed that plaintiff had been treated for moderate depression, but that plaintiff had stopped attending therapy in 2015, he sought no psychiatric treatment in 2016 or 2017, and plaintiff's primary care physician described plaintiff's depression as being in remission in 2017. AR 24. Finally, the administrative law judge provided a thorough discussion of all of the medical opinions in the record and explained what weight he was giving to each opinion. AR 25-26. Plaintiff has identified no error in the administrative law judge's evaluation of the opinions or medical evidence.

Plaintiff is proceeding without counsel, so I have read his submissions generously, not expecting the formality that a lawyer's submissions would have. However, plaintiff has to present specific arguments showing that the administrative law judge's decision was unsupported by substantial evidence. He has failed to identify any reversible error in the administrative law judge's decision. Therefore, I will affirm the agency's decision denying his benefits and will dismiss this appeal. Eichstadt v. Astrue, 534 F.3d 663, 668 (7th Cir. 2008) ("The claimant bears the burden of producing medical evidence that supports her claims of disability."); Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001) ("[W]e

must be able to discern cogent arguments in any appellate brief, even one from a pro se litigant."); McLachlan v. Astrue, 392 F. App'x 493, 494 (7th Cir. 2010) (dismissing pro se appeal because the brief did "not refer to facts in the record or contain an argument consisting of more than a generalized assertion of error").

ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of Social Security, denying benefits to plaintiff Renato G. Catacutan's is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 25th day of February, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge